IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BUDD LARNER ROSENBAUM
GREENBERG AND SADE, P.C.
150 John F. Kennedy Parkway, CN 1000
Short Hills, New Jersey 07078-0999
(973)-379-4800
Attorneys for Plaintiffs

| | |
|---|---|
| RONALD RAISIN, individually, ) <br> KETTLEY RAISIN, his wife, ) <br>                                 ) <br>     Plaintiffs,                 ) <br>                                 ) <br>     v.                          ) <br>                                 ) <br> THOMAS RILEY, individual,       ) <br> RILEY CONSTRUCTION, an          ) <br> Entity, and JOHN DOES #1-10,    ) <br>                                 ) <br>     Defendants.                 ) <br>                                 ) | Civil Action No. 03-4699(AET) <br><br> **COMPLAINT AND DEMAND** <br> **DEMAND FOR JURY TRIAL** |

Plaintiffs, RONALD RAISIN and KETTLEY RAISIN, residing at 2904 Norton Avenue, Palmer, Pennsylvania, by way of Verified Complaint against the Defendants, allege and say:

### PARTIES

1. RONALD RAISIN is a resident of the State of Pennsylvania, with his principle place of residence at 2904 Norton Avenue, Palmer, Pennsylvania.

2. KETTLEY RAISIN is a resident of the State of Pennsylvania, with her principle place of residence at 2904 Norton Avenue, Palmer, Pennsylvania.

3. RONALD RAISIN and KETTLEY RAISIN are, and have been at all times relevant hereto, husband and wife.

4. Defendant THOMAS RILEY is an individual residing at 75 Foss Avenue, Hampton, New Jersey 08827.

5. At all times relevant to this matter, Defendant THOMAS RILEY was the owner of Defendant RILEY CONSTRUCTION.

6. Upon information and belief, Defendant RILEY CONSTRUCTION is a sole proprietorship organized and operating under the laws of the State of New Jersey, with its principal place of business located in the State of New Jersey.

7. At all times relevant to this matter, John Does #1-10, said names being presently unknown and fictitious, were the agents, servants, and employees of Defendant RILEY CONSTRUCTION and/or Defendant THOMAS RILEY, either direct or per diem or otherwise, who were also residents of the State of New Jersey, and who were present and/or involved in construction work with THOMAS RILEY on or about July 8, 2002 and prior thereto and who had some responsibility for the incident giving rise hereto.

8. For purposes of simplicity, "Defendants," as used throughout the remainder of this Complaint shall refer to Defendants THOMAS RILEY, RILEY CONSTRUCTION, and JOHN DOES #1-10 collectively.

## JURISDICTION AND VENUE

9. The matter in controversy exceeds $75,000 exclusive of interests and costs.

10. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(2).

11. Venue in this District is proper pursuant to 28 U.S.C. §1391.

## FACTUAL STATEMENT

12. At all times relevant to this matter, Plaintiff RONALD RAISIN was the owner of a parcel of property located at 300 West Washington Avenue, Borough of Washington, County of Warren, State of New Jersey.

13. At some point prior to July 8, 2002, Plaintiff RONALD RAISIN hired the Defendants to perform construction, including carpentry work, at that property site as part of a home improvement restoration project.

14. Defendant THOMAS RILEY was to be responsible for supervising Defendants John Does #1-10 while they performed the work on Plaintiffs' home.

15. Upon information and belief, at some point during the carpentry work, the Defendants removed the support structures from the staircase leading from the first floor to the second floor.

16. On or about July 8, 2002, Plaintiff RONALD RAISIN attempted to walk upon the staircase leading from the first to the second floor.

17. On or about July 8, 2002, the staircase in question collapsed under the weight of Plaintiff's body causing Plaintiff RONALD RAISIN to fall approximately twenty-five (25) feet, onto the floor of his basement.

### FIRST COUNT: NEGLIGENCE

1. Plaintiffs repeat and reallege each and every fact heretofore plead as if set forth herein at length and make them a part hereof.

2. Defendants were negligent, reckless, and careless in performing the carpentry work on Plaintiff RONALD RAISIN's home, in creating and causing a dangerous condition to exist, in failing to make or provide adequate precautions or warnings to prevent injury and were otherwise negligent.

3. As the master(s), employer(s), and/or principle(s) of John Does #1-10, Defendant THOMAS RILEY and/or Defendant RILEY CONSTRUCTION are vicariously liable for the negligent acts and omissions of any servant(s), employee(s), and agent(s).

4. As a direct and proximate result of the Defendants' negligence, recklessness, and carelessness, Plaintiff RONALD RAISIN sustained serious, painful, permanent, and disabling injuries.

WHEREFORE, Plaintiff RONALD RAISIN demands judgment against Defendants as follows:

  a) compensatory damages;

  b) pre-judgment and post-judgment interest;

  c) attorney's fees and costs of suit; and

  d) any and all such other relief as the Court deems just and equitable.

### SECOND COUNT: PER QUOD

1. Plaintiffs repeat and reallege each and every allegation heretofore plead as if set forth herein at length and make them a part hereof.

2. As a direct and proximate result of Plaintiff RONALD RAISIN'S injuries, Plaintiff KETTLEY RAISIN has suffered, and will continue to suffer from, the loss of the care, comfort, advice, companionship, consortium, and economic and emotional support of Plaintiff RONALD RAISIN.

WHEREFORE, Plaintiff KETTLEY RAISIN demands judgment against Defendants as follows:

  a) compensatory damages;

  b) pre-judgment and post-judgment interest;

  c) attorney's fees and costs of suit; and

  d) any and all such other relief as the Court deems just and equitable.

## JURY DEMAND

The plaintiffs, RONALD RAISIN and KETTLEY RAISIN hereby demand a trial by jury on all of the triable issues of this Complaint.

        BUDD LARNER ROSENBAUM
        GREENBERG & SADE, P.C.
        Attorneys for Plaintiffs

By: _____
    CYNTHIA A. WALTERS (CW-2676)

DATED: October 1, 2003

## CERTIFICATION OF COUNSEL

I hereby certify in accordance with Local Rule 11.2 that this matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

        BUDD LARNER ROSENBAUM
        GREENBERG & SADE, P.C.
        Attorneys for Plaintiffs

By: _____
    CYNTHIA A. WALTERS (CW-2676)

DATED: October 1, 2003

468926w